UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV-16-01161-JFW (KS)                                                   Date: February 23, 2016

Title   Johnnie Warren Frazier v. Steve Langford, Warden

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION**

On February 19, 2016, Johnnie Warren Frazier ("Petitioner"), an inmate in Federal custody and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. No.1.)

The Petition alleges unlawful actions by Federal Bureau of Prisons ("BOP") personnel at the Lompoc Federal Corrections Center "relating to the collection of Criminal Monetary Penalties through the Bureau's Inmate Financial Responsibility Program (IFRP)." (Petition at 1.) Specifically, Petitioner alleges a pattern of retaliation by BOP personnel that has resulted in Petitioner's loss of privileges within the corrections facility and sanctions that deny Petitioner opportunity to be evaluated for certain re-entry programs, including "release gratuities and any other available programs to assist in [Petitioner's] transition to society after over 15 years Of incarceration." (Petition at 15.)

Title 28 U.S.C. § 2241 empowers the Court to entertain an application for a writ of habeas corpus on behalf of a person in custody "in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241.  Here, it appears from the face of Petitioner's filing that he is not challenging the legality of his conviction, or otherwise claiming to be in custody in violation of the Constitution or laws or treaties of the United States.  (*See* Petition at 3-13.)  Consequently, the Court need neither grant the writ nor order a return if "it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-16-01161-JFW (KS)                                              Date: February 23, 2016

Title   Johnnie Warren Frazier v. Steve Langford, Warden

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2241.

Rather, Petitioner is complaining about the conditions of his confinement at the Lompoc Federal Corrections Center and, in particular, about sanctions imposed upon him as a result of actions allegedly taken by BOP personnel in wrongfully administering the IFRP and scheduling Petitioner's payment obligations in that program. (*See* Petition at 11-14.)   Further, the relief Petitioner seeks is an order directing the BOP "to follow the Court ordered payment schedule, remove any and all sanctions placed against [Petitioner] as a result of Respondents [sic] unlawful activity . . . and evaluate him for eligibility for all re-entry programs [.]" (*Id*. at 14-15.)

In the Ninth Circuit, it is well established that "habeas jurisdiction is absent, and a [civil rights] action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  *Ramirez v. Balaza*, 334 F.3d 850, 859 (9th Cir. 2003).  Here, if successful, Petitioner will not necessarily shorten the length of his confinement because there is no showing that the proper application of Petitioner's payment obligations in the IFRP is likely to accelerate his release.  *Id.*  Thus, in light of the nature of the claims presented and the relief sought, the Court concludes that the jurisdictional requisite for a section 2241 habeas petition has not been met.  Instead, a civil rights action is the proper mechanism for challenging conditions of confinement.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

The Court has also considered whether to ignore the erroneous labeling of the Petition and construe the pleading as a civil rights complaint.  However, because the forms used for a habeas petition and a civil rights complaint request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here, the Court declines to construe the pleading to a civil rights action.  *See Grinker v. Curry*, 2010 WL 890381 (N.D. Cal. March 8, 2010).

Accordingly, **Petitioner is ORDERED TO SHOW CAUSE on or before March 23, 2016 why this action should not be dismissed with prejudice.**  Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal for lack of jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-16-01161-JFW (KS)                                            Date: February 23, 2016

Title   Johnnie Warren Frazier v. Steve Langford, Warden

　　　　Alternatively, if Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

　　　　Nothing in this Order is intended to prevent Petitioner from filing a civil rights action seeking appropriate remedy for the actions alleged in connection with the scheduling of Petitioner's payment obligations in the IFRP.

　　　　The Clerk is directed to include the civil rights form complaint with this Order.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　**Initials of Preparer**　　rh